[No. 33525.   Department Two.   April 12, 1956.]

LEORA BRUCE, *Appellant,* v. EARL A. BRUCE, *Defendant,*
EARLE R. EVANS, JR., *Respondent.*[1]

*Brown, Hovis & Cockrill,* for appellant.

*Kern, Dano & Cone, amicus curiae.*

PER CURIAM.—April 27, 1921, plaintiff presented evidence in her default divorce case.  The court's minute entry for that day states that "evidence was adduced in support of complaint for divorce  .  .  .   Decree granted."

Three days later, the trial judge died.  An order of default, findings of fact, conclusions of law, and decree of

[1]Reported in 296 P. (2d) 310.

divorce were not entered. The court's minute entry was approved by the trial judge's successor.

Plaintiff left the state of Washington immediately after the hearing, under the impression that her divorce was complete. When she learned the true status of the record, she filed her motion for a decree of divorce *nunc pro tunc* on March 16, 1955. The motion, which was resisted by an intervener, was denied by the trial court. Pending appeal, plaintiff and intervener stipulated that "all differences heretofore existing between . . . [them] have been compromised, adjusted and settled"; hence, we do not find it necessary to set forth the facts of the intervening thirty-four years.

■ A court has inherent power to enter a judgment or decree *nunc pro tunc*. *Garrett v. Byerly*, 155 Wash. 351, 284 Pac. 343 (1930). The right, however, to have a divorce decree perfected by an entry *nunc pro tunc* is not absolute; it rests in the discretion of the court. *State ex rel. Tufton v. Superior Court*, 46 Wash. 395, 90 Pac. 258 (1907).

■ The office of such order or decree is to record judicial action taken, and not to remedy inaction. This court said, in *State v. Ryan*, 146 Wash. 114, 117, 261 Pac. 775 (1927) (quoting from 15 R. C. L. 622):

" 'It may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken.' "

At the time of plaintiff's original divorce hearing, the statute (Rem. & Bal. Code, § 996; Rem. Rev. Stat., § 996) required that

". . . the court shall state the facts found upon which the decree is rendered; . . ."

■ There is nothing in the record before us which establishes that the requirements of the statute were met in 1921. Under these circumstances, we cannot say that the trial judge abused his discretion when he refused to supply the findings of fact and enter a decree thereon, based upon evidence he did not hear.

The order denying plaintiff's motion for a decree of divorce *nunc pro tunc*, as of April 27, 1921, is affirmed.