[No. 1138-2. Division Two. October 31, 1974.]

LYLE A. KEYES, *Appellant,* v. THE DEPARTMENT OF MOTOR VEHICLES, *Respondent.*

*Robert N. Gates, Jr.,* for appellant.

*Slade Gorton, Attorney General,* and *James Silva, Assistant,* for respondent.

PETRIE, J.—Appellant, Lyle A. Keyes, seeks review of a superior court order denying his request for a writ of mandamus directing the Department of Motor Vehicles to delete a report of a conviction of driving while intoxicated from the appellant's driving record. We affirm the Superior Court's denial of the requested relief.

The appellant was arrested on May 25, 1971, for driving a motor vehicle on a public highway in King County while under the influence of intoxicants. On June 11, 1971, he appeared with counsel in a King County District Justice Court and entered a plea of guilty to the charge. Pursuant to RCW 46.52.100 the District Court transmitted to the Department of Motor Vehicles an abstract of court record indicating that a judgment of guilty of driving while under the influence of intoxicating liquor and/or narcotic drugs had been entered in that court. The abstract of court record was received by the Department of Motor Vehicles on July 13, 1974.

Upon receipt of the abstract, the Department of Motor Vehicles was required by RCW 46.61.515 to suspend the appellant's license or permit to drive. Accordingly, an order of suspension was sent to Mr. Keyes on July 28, 1974. Further, since the Department of Motor Vehicles is also required by RCW 46.20.171 to maintain a record for every licensed driver, including all accident reports and abstracts of court records of convictions of laws regulating the operation of motor vehicles on public highways, an entry was made upon Mr. Keyes' driving record indicating that he had been convicted of driving while intoxicated.

Subsequent to the above events, because sentencing on the conviction had been deferred by the District Court to await the filing of a presentence report, the appellant was sentenced to 6 months at the Cedar Hills Alcoholism Treatment Center. Five months of the sentence was suspended upon condition that Mr. Keyes successfully complete a probation program at the center. Less than 2 weeks after the court was advised that the probation program had satisfac-

torily been completed, Mr. Keyes and his attorney again appeared in the District Court and an order was entered as follows: "Judgment nunc pro tunc not guilty." Counsel for Mr. Keyes then sent a certified copy of the above order to the director of the Department of Motor Vehicles and requested that Mr. Keyes' driving record be "corrected" to read "not guilty."

It may be noted at this point that the existence of the report of the conviction and license suspension for driving while under the influence of intoxicants on Mr. Keyes' driving record evokes the operation of RCW 46.29, the financial responsibility laws. For example, RCW 46.29.280 provides that after any suspension of the driving privilege, the individual cannot obtain a new or renewed license without filing "proof of financial responsibility for the future," *i.e.*, proof of ability to respond in damages for liability on account of accidents arising out of the operation of a vehicle. RCW 46.29.260. Also, it may readily be observed that a practical effect of a report of a driving while intoxicated conviction is a very likely increase in automobile insurance rates.

When the Department of Motor Vehicles refused to amend appellant's driving record, on the ground that by operation of statute the agency believed it was under an absolute mandate to maintain a record that Mr. Keyes was convicted of the traffic violation notwithstanding the later action of the District Court in entering the judgment nunc pro tunc, the instant action was commenced. The question thus posed is whether it can legally be said that Mr. Keyes was "convicted" of driving while under the influence of intoxicants, in light of the "judgment nunc pro tunc not guilty" entered by the District Court subsequent to appellant's plea of guilty and service of sentence.

The answer to the question posed is quite clear. We need look little further than the definition of the term "conviction" set forth in RCW 46.20.270. That statute provides, in part, as follows:

(3) For the purposes of Title 46 the term "conviction" shall mean a final conviction in either a state or municipal court. An unvacated forfeiture of bail or collateral deposited to secure a defendant's appearance in court, the payment of a fine, *a plea of guilty* or a finding of guilt on a traffic law violation charge, *shall be equivalent to a conviction, under Title 46 regardless of whether the imposition of sentence is deferred or the penalty is suspended.*

(Italics ours.) RCW 46.20.270(3). The statute is explicit. It states in plain and unambiguous language that a plea of guilty to an offense is equivalent to a conviction for Title 46 purposes. RCW 46.20.171(2) is equally explicit:

(2) The department shall also maintain a record for every licensed driver which shall include all accident reports and abstracts of court records of *convictions* received by it under the laws of this state and in connection therewith maintain convenient records in order that an individual record of each licensee showing the *convictions* of such licensee, the traffic accidents in which he has been involved and any prior actions taken by the department in connection with his driving record shall be readily ascertainable for the consideration of the department.

(Italics ours.)

Appellant essentially contends that if the Department of Motor Vehicles does not treat the "judgment nunc pro tunc not guilty" as having somehow abrogated the plea of guilty in such a manner as to remove the facts of this case from the application of the otherwise obviously applicable definition of "conviction" set forth above, then the department, according to appellant, is invading the court's prerogative to determine the guilt or innocence of the individual. We disagree. Particularly apposite to this contention is the following opinion of the Supreme Court in *Tembruell v. Seattle*, 64 Wn.2d 503, 508, 392 P.2d 453 (1964):

The legislature may give whatever meaning it will to a particular word or expression, and, if we understand the legislature's intentions, the courts will give it the same meaning. Our primary function in the field of statutory interpretation is to ascertain the legislature's intent. In

this case, we must keep in mind that the words *convicted* or *conviction* may be intended to convey different meanings in different contexts, . . . [T]he legislature may designate the entry of a plea of guilty to be regarded by the court as a conviction in the event of later criminal prosecutions without necessarily making the plea to be a conviction for all purposes. *The legislature can make of such plea what it will for particular purposes in particular circumstances without being held to have changed the legal effect of such plea for all purposes.*

(Last italics ours.) *See also Matsen v. Kaiser,* 74 Wn.2d 231, 443 P.2d 843 (1968); *State v. Tate,* 2 Wn. App. 241, 469 P.2d 999 (1970).

In the context of an individual's operation of a vehicle, the legislature has determined that a plea of guilty to a traffic offense shall be equivalent to a conviction of that offense, and all such convictions shall be reported on the individual's driving record. Nothing in the record before us indicates that the Department of Motor Vehicles improperly failed to remove the reported conviction from Mr. Keyes' record. It is undisputed that the plea of guilty to the offense was entered by the appellant, and accepted by the District Court. The guilty plea was never vacated or set aside, nor did the appellant at any time move to withdraw the plea or in any way challenge its entry. Under these circumstances the conclusion is inescapable that for purposes of the statutory scheme set forth in RCW Title 46, a conviction of driving while under the influence of intoxicants did occur.

 Finally, in response to appellant's argument that the judgment nunc pro tunc should be given the effect of having retroactively vitiated the guilty plea, we must point out that the authority cited by appellant in support of this argument holds as follows:

The office of an order or decree *nunc pro tunc* is to record judicial action taken and not to remedy inaction. *Bruce v. Bruce,* 48 Wn. (2d) 635, 296 P. (2d) 310. As we said in *State v. Ryan,* 146 Wash. 114, 261 Pac. 775 (quoting from 15 R. C. L. 622):

" '. . . It may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken. . . .' "

*Osborne v. Osborne,* 60 Wn.2d 163, 167, 372 P.2d 538 (1962). In the matter before us there is absolutely no indication whatsoever that the judgment nunc pro tunc was entered to record judical action previously taken and not recorded, rather than to simply change the judgment on the basis that appellant had successfully completed the terms and conditions of the previous sentence. Even if the District Court was of the opinion that it had not rendered a judgment that it might or should have rendered, it had no power to remedy such an error by ordering the entry nunc pro tunc of what it believed to be a proper order. *State v. Mehlhorn,* 195 Wash. 690, 692, 82 P.2d 158 (1938). Moreover, since the appellant's plea of guilty was not challenged, vacated, set aside or withdrawn, the entry of a judgment of not guilty upon the entirely valid plea of guilty would have been erroneous itself wholly apart from the improper entry of the judgment nunc pro tunc. A valid plea of guilty made in open court is a confession of guilt and unless withdrawn has the same result and effect in law as a verdict of guilty. Although the district court judge may, in his discretion, refuse to accept a guilty plea if he is not satisfied as to the guilt of the defendant, where the plea of guilty is accepted and not withdrawn before sentence is pronounced, nothing remains for the court to do but to assess the punishment and enter judgment accordingly. JCrR 4.02; *Woods v. Rhay,* 68 Wn.2d 601, 605, 414 P.2d 601 (1966); *State v. Pringle,* 83 Wn.2d 188, 191, 517 P.2d 192 (1973).

The "judgment nunc pro tunc not guilty" entered in this case was a nullity, and the Department of Motor Vehicles was entitled to treat the plea of guilty to the charge of driving while intoxicated as a "conviction," pursuant to RCW 46.20.270, *supra.* Accordingly, the judgment of the

trial court denying appellant's request for a writ of mandamus is hereby affirmed.

PEARSON, C.J., and ARMSTRONG, J., concur.