[No. 2778-42883-1.   Division One.   March 31, 1975.]

JASPER JACKS, *Respondent*, v. JACK NELSON, *Appellant*.

*Slade Gorton, Attorney General*, and *David R. Minikel, Assistant*, for appellant.

*Michael J. Slish*, for respondent.

PER CURIAM.—The genesis of this appeal is found in a trial held on December 7, 1971, in Renton District Court in which the defendant therein (respondent here) was found guilty of driving while under the influence of intoxicating liquor. This conviction was not appealed. Following the trial, the court deferred the imposition of sentence for 1 year. On January 25, 1972, the Department of Motor Vehicles, after receiving the abstract of the court record, suspended the defendant's driving privileges for 30 days as

required by RCW 46.61.515. The defendant was issued an occupational driving permit and filed proof of financial responsibility for the future as required by RCW 46.20.311. Subsequently on December 15, 1972, the court set aside the finding of guilty of driving while intoxicated, reduced the charge to negligent driving and a $100 fine was suspended.

The defendant then requested the Department of Motor Vehicles to relieve him from the duty of filing proof of financial responsibility for the future. When the department refused this request, he initiated this action in Superior Court. Following argument, the trial court on June 28, 1973, entered the following order:

> ORDERED, ADJUDGED AND DECREED that Jack Nelson, Director of the Department of Motor Vehicles, State of Washington, shall hereby cancel the petitioner's, Jasper Jacks', requirement of proof of future financial responsibility which was imposed in order for him to obtain and retain his driver's license, and it is further;
> ORDERED, ADJUDGED AND DECREED that Jack Nelson, Director of the Department of Motor Vehicles, State of Washington, shall strike from the driving record of petitioner the conviction for driving while under the influence of alcohol . . .

The Department of Motor Vehicles has appealed.

The sole issue raised is whether the defendant-respondent was "convicted" of driving while intoxicated and can be required to prove financial responsibility.

The decision in *Keyes v. Department of Motor Vehicles*, 11 Wn. App. 957, 528 P.2d 283 (1974), decided since the trial court ruled, is dispositive of this issue. In *Keyes*, the defendant pleaded guilty to driving while intoxicated and was sentenced to serve 6 months at the Cedar Hills Alcohol Treatment Center with 5 months suspended on the condition that he successfully complete the probation program at the Center. The Department of Motor Vehicles suspended the defendant's driver's license and also made an entry upon his driving record that he had been convicted of driving while intoxicated. After subsequently completing his probation, the defendant again appeared in court, and an

110

order was issued as follows: "Judgment nunc pro tunc not guilty." A certified copy of this order was sent to the Department of Motor Vehicles requesting that Keyes' driving record be "corrected." However, when the Department of Motor Vehicles refused his request, the defendant moved for a writ of mandamus in Superior Court. When this request was denied, the defendant appealed to this court which stated the issue as follows on page 959:

> The question thus posed is whether it can legally be said that Mr. Keyes was "convicted" of driving while under the influence of intoxicants, in light of the "judgment nunc pro tunc not guilty" entered by the District Court subsequent to appellant's plea of guilty and service of sentence.

The court also said on page 959:

> The answer to the question posed is quite clear. We need look little further than the definition of the term "conviction" set forth in RCW 46.20.270. That statute provides, in part, as follows:
>
> (3) For the purposes of Title 46 the term "conviction" shall mean a final conviction in either a state or municipal court. An unvacated forfeiture of bail or collateral deposited to secure a defendant's appearance in court, the payment of a fine, *a plea of guilty* or a finding of guilt on a traffic law violation charge, *shall be equivalent to a conviction, under Title 46 regardless of whether the imposition of sentence is deferred or the penalty is suspended.*

(Italics ours.) RCW 46.20.270(3). The statute is explicit. It states in plain and unambiguous language that a plea of guilty to an offense is equivalent to a conviction for Title 46 purposes.

The entry of an indicated finding of guilt likewise is equivalent to a conviction for purposes of the statute.

RCW 46.20.311(1) provides in part:

> Whenever the license of any person is suspended by reason of a conviction . . . such suspension shall remain in effect and the department shall not issue to such person any new or renewal of license until such person shall pay a reinstatement fee of ten dollars and shall give and thereafter maintain proof of financial responsibility for the future as provided in chapter 46.29 RCW.

RCW 46.29.280 provides:

> Whenever, under any law of this state, the license of any person is suspended or revoked by reason of a conviction or a forfeiture of bail, the suspension or revocation hereinbefore required shall remain in effect and the department shall not issue to such person any new or renewal of license until permitted under the motor vehicle laws of this state, and not then unless and until such person shall give and thereafter maintain proof of financial responsibility for the future.

*See also* RCW 46.29.600.

■ For purposes of these statutes, the fact that the defendant was given a deferred imposition of sentence does not alter the conclusion that under RCW 46 a deferred imposition of sentence is a "conviction." RCW 46.20.270(3), which defines the term "conviction," explicitly states that a finding of guilty on a traffic violation is a conviction "regardless of whether the imposition of sentence is deferred . . ." Thus, although a deferred imposition of sentence may not later be considered a conviction for some purposes, the legislature in enacting RCW 46 clearly intended that the term "conviction" included a finding of guilty as to a traffic violation regardless of whether the sentence was deferred. *See Keyes v. Department of Motor Vehicles, supra.*

The statutory scheme shows a legislative intent to place upon the driving record of a traffic violator, for administrative purposes, any "conviction" regardless of the sentence imposed thereafter. It is the convictions of charged violations that reflect the threat a person poses to other users of the highways. The statute reposes in the Department of Motor Vehicles the duty to place those convictions on each driver's record for the purpose of requiring proof of financial responsibility. The courts have no authority to countermand the legislative directive. *See State v. Malone,* 9 Wn. App. 122, 126, 511 P.2d 67 (1973).

The order of the trial court is reversed.