[No. 4981–3–II.   Division Two.   July 30, 1982.]

*In the Matter of the Marriage of* BILL GENE PRATT, *Respondent, and* NADINE M. PRATT, *Appellant.*

*Barbara D. Johnson* and *Morse & Bratt,* for appellant.

*Charles R. Cusack, Jr.,* and *Blair, Schaefer, Hutchison, Wynne, Potter & Horton,* for respondent.

WORSWICK, J.—Does a trial court have inherent power to enter a dissolution decree nunc pro tunc after the death of the husband if, before the death, the court had decided the case on the merits, attorneys for both parties had approved the findings, conclusions and decree and the delay was due to collateral reasons? We hold that entry of the decree nunc pro tunc under these circumstances was proper.

Mr. and Mrs. Pratt were married on November 11, 1978, but separated 4 months later. Mr. Pratt filed for divorce. At the dissolution hearing on February 26, 1980, the court dissolved the marriage and made a complete and final disposition of property and debts. Mr. Pratt's attorney prepared and forwarded findings, conclusions and a decree to Mrs.

Pratt's attorney who approved them for entry but did not return them until April 22, 1980. The papers were returned with a note requesting that they not be presented for signature until Mr. Pratt paid $225 in attorney's fees required by a previous order.[1]

Mr. Pratt's attorney then attempted to locate his client but had difficulty doing so apparently because Mr. Pratt had been hospitalized. When Mr. Pratt was located on Friday, May 23, he readily agreed to pay the fees the following Monday. However, on Saturday, May 24, he died intestate.[2]

On May 30, 1980, Mr. Pratt's attorney filed a motion to enter the decree nunc pro tunc. On June 19, 1980, Mrs. Pratt was appointed temporary administratrix of Mr. Pratt's estate. On June 24, 1980, Mr. Pratt's attorney filed a second motion, this time on behalf of Mr. Pratt's adult children. On June 27, 1980, the court heard the matter and ruled that the findings, conclusions and decree should be entered with nunc pro tunc effect to March 31, 1980, the date Mrs. Pratt's attorney had actually approved them. On July 9, 1980, Larry Pratt, one of decedent's children, replaced Mrs. Pratt as personal representative. On August 8, 1980, the court denied Mrs. Pratt's motion for reconsideration and ordered that the findings, conclusions and decree be entered.

Mrs. Pratt contends that in Washington a court can grant a dissolution decree nunc pro tunc only to validate an otherwise void marriage entered into by one of the parties before dissolution of the previous marriage was final. We

---

[1]That order contained no condition which could have justified delay in presentation of the papers for signature. Although some attorneys apparently make it a practice to delay such presentations to enforce payment of attorney's fees, such a practice is ethically improper. *See* CPR DR 1–102; CPR DR 7–101(A)(1) and (2); Elson, "Responsibilities to the Client," in *Professional Responsibility: A Guide for Attorneys* 86 (1978).

[2]The practical effect of this appeal thus becomes apparent. If Mrs. Pratt prevails, she stands to inherit half of Mr. Pratt's separate property. If not, his property will go to his children of a previous marriage.

conclude that this power is not so limited but can be exercised in a proper case, on a case by case basis, "as justice may require." *See Mitchell v. Overman,* 103 U.S. 62, 26 L. Ed. 369 (1880).

■ It is true that authority to grant a nunc pro tunc dissolution decree specified in RCW 26.09.290 is limited to validating second marriages. *In re Estate of Carter,* 14 Wn. App. 271, 274, 540 P.2d 474 (1975) (construing RCW 26.08-.230, which was substantially similar to and repealed in 1973 by RCW 26.09.290). But beyond this statutory authority, courts have the inherent power to enter judgments nunc pro tunc. *Garrett v. Byerly,* 155 Wash. 351, 284 P. 343, 68 A.L.R. 254 (1930). This power includes the authority to enter a decree of dissolution nunc pro tunc. *Bruce v. Bruce,* 48 Wn.2d 635, 296 P.2d 310 (1956). Authority to enter a decree after the death of a party is noted by H. Clark in *Domestic Relations* § 13.2, at 384 (1968), cited in *In re Estate of Carter,* 14 Wn. App. at 276:

> One final rule governing parties to divorce suits says that the death of a party at any time before the entry of the final decree abates the action automatically. This result occurs even though the death follows an interlocutory decree of divorce. *It does not, however, where the case was fully adjudicated so that a final decree should have been entered before the death of a party but the decree was not in fact entered for some reason. In this unusual situation a divorce decree nunc pro tunc may be entered.*

(Italics ours.)

Justice requires it in this case. The parties were married only 4 months. The dissolution issues were fully adjudicated. Attorneys for both parties approved the findings, conclusions and decree. The delay was for collateral reasons which, at best, were questionable. The matter should have been over and done with. The real reason Mrs. Pratt now objects to entry of the decree is because it cuts off inheritance rights which she had no reason to expect and which, if left intact, would afford her a windfall. An interest acquired by inheritance, however, is not the kind of vested

right protected from the entry of a nunc pro tunc decree. *In re Estate of Carter,* 14 Wn. App. at 274.

None of the Washington cases upon which Mrs. Pratt relies convinces us that the court lacked authority in this case to enter a nunc pro tunc decree. In *Jones v. Minc,* 77 Wn.2d 381, 462 P.2d 927 (1969); *Osborne v. Osborne,* 60 Wn.2d 163, 372 P.2d 538 (1962); *Crockett v. Crockett,* 27 Wn.2d 877, 181 P.2d 180 (1947) and *Dwyer v. Nolan,* 40 Wash. 459, 82 P. 746 (1905), the court refused to vacate decrees after a spouse's death. Reluctance to vacate a decree after the death of a party is appropriate considering the practical impossibility of relitigating. However, where the matter has been litigated to a complete and final conclusion, there should be no undue reluctance "to make the record speak the truth" by entering the decree nunc pro tunc.

Mrs. Pratt relies on our decision in *Barros v. Barros,* 26 Wn. App. 363, 613 P.2d 547 (1980), in which the trial court originally entered a decree that failed to dispose of the husband's military pension and later attempted to dispose of the pension by entering another decree nunc pro tunc. We held that a nunc pro tunc decree could not be used as a mechanism to correct previous judicial inaction or omissions. The entry of the nunc pro tunc decree in this case was not an attempt to correct judicial inaction, but instead merely allowed the record to reflect what was essentially completed judicial action.

Mrs. Pratt also claims that the court erred when it entered the decree because the attorney for the deceased husband brought the motion on behalf of nonparties, his deceased client and the deceased client's children. Even though Mrs. Pratt served as her husband's personal representative and at all times opposed the motion, she submits that only the personal representative could have made the motion. *See* RCW 4.20.046. We disagree.

The court has inherent power to enter a decree nunc pro tunc on its own motion. *Wight v. Nicholson,* 134 U.S. 136, 33 L. Ed. 865, 10 S. Ct. 487 (1889); *Hamrick v. Hamrick,*

119 Cal. App. 2d 839, 260 P.2d 188 (1953); *Johnson v. Johnson,* 198 Misc. 691, 98 N.Y.S.2d 336 (1950). *Cf.* RCW 26.09.290. This being so, it could allow its attention to be drawn to the need for action by anyone interested in the matter without regard to technical procedural questions. *See also Kern v. Kern,* 261 Cal. App. 2d 325, 67 Cal. Rptr. 802 (1968); *Cameron v. Cameron,* 105 W. Va. 621, 143 S.E. 349 (1928).

Affirmed.

REED, C.J., and PETRIE, J., concur.

Reconsideration denied September 15, 1982.

Review granted by Supreme Court December 3, 1982.