In re Henry C. KLIMA, Cynthia S. Klima, Debtors.

TOWER NATIONAL BANK OF LIMA, N.A., Plaintiff,

v.

Henry C. KLIMA, et al., Defendants.

Adv. No. 83–0115.

Bankruptcy No. 83–00155.

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 3, 1983.

Willis S. Siferd, Lima, Ohio, for plaintiff.

Quentin M. Derryberry, II, Lima, Ohio, for debtors/defendants.

ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the Debtors' motion for a continuance of the trial in this matter scheduled for March 1, 1983 for the reason that Plaintiff has failed to join the Trustee in Bankruptcy as a party defendant. For the following reasons, the motion is well taken.

Plaintiff filed its complaint for relief from stay and for abandonment of real and personal property on February 4, 1983. Named as the only defendants in the complaint were the Debtors.

Upon the Debtors filing of a petition under Chapter 7 of the Bankruptcy Code on or about January 27, 1983, however, the property involved became "property of the estate" under 11 U.S.C. § 541. In addition, pursuant to 11 U.S.C. § 362(a)(3), the filing of the petition imposed a stay, applicable to all entities, of "any act to obtain possession of property of the estate or of property from the estate". Thus, in order for Plaintiff to pursue its state court remedies, not only must it obtain relief from stay against the Debtors, it must also obtain relief from stay against property of the Debtors' estate.

By virtue of Plaintiff's failure to name the Trustee in Bankruptcy as a party defendant in this lawsuit it is unable to obtain relief from stay against property of the estate. Complete relief, thus, cannot be accorded to those already parties to this lawsuit and, pursuant to Rule 19(a) Fed.R. Civ.P., the Court should order that Plaintiff make the Trustee a party to this action. A continuance of the trial in this matter should, therefore, be granted for this purpose.

In addition, a continuance of the stay in this matter is appropriate to permit the Trustee to adequately familiarize himself with the various rights and interests involved in this case. *See* House Report No. 95–595, 95th Cong., 1st Sess. 340–2 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 49–51 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. This can most adequately be accomplished by continuing the stay until sometime after the first meeting of creditors pursuant to 11 U.S.C. § 341. Since this meeting apparently has not yet been held in this case, a continuance of the trial is appropriate until subsequent to the first meeting.

For the foregoing reasons, it is hereby,

ORDERED that the Plaintiff be, and hereby is, directed to amend his complaint to add the Trustee in Bankruptcy as a party defendant. It is further,

ORDERED that Plaintiff make application for an alias summons and serve a copy of the amended complaint and alias summons upon the Trustee. It is further,

ORDERED that the trial in this matter be continued to the date specified in the alias summons and that Plaintiff cause a copy of the amended complaint and alias summons to be served upon Debtors and upon Debtors' Counsel.