In re BARNES.

No. C-3-89-022.

United States District Court, S.D. Ohio, W.D.

March 31, 1989.

Imogene Barnes, New Lebanon, Ohio, pro se.

Arthur R. Hollencamp, Dayton, Ohio, for defendant.

George Ledford, Englewood, Ohio, Bankruptcy Trustee.

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO DISMISS THE APPEAL (DOC. # 4), OVERRULING PLAINTIFF'S MOTION FOR A TEMPORARY INJUNCTION PENDING APPEAL (DOC. # 2), AND OVERRULING PLAINTIFF'S MOTION TO VACATE STATE COURT'S ENTRY OF CONFIRMATION (DOC. # 15)

RICE, District Judge.

The captioned case, a bankruptcy appeal, is now before the Court on Defendant First National Bank's Motion to Dismiss the Appeal (Doc. # 4), on Plaintiff's Motion for a Temporary Injunction Pending Appeal (Doc. # 2), and on Plaintiff's Motion to Va-

**554**

cate the State Court's Entry of Confirmation and Distribution (Doc. # 15). For reasons briefly set forth below, all motions are overruled. In reaching its decision, the Court makes the following non-exclusive observations:

1. Plaintiff herein filed a Petition in Bankruptcy, *pro se*, on June 9, 1988 (Bankruptcy Case No. 3–88–01898, Doc. # 2). The filing of the petition automatically brought about the automatic stay provided by 11 U.S.C. § 362, which stopped a Sheriff's sale of Plaintiff's residence apparently scheduled for the following day (Br.Doc. # 4, p. 1). First National Bank, Defendant herein and the creditor whose judgment against Plaintiff in a state court foreclosure proceeding gave rise to the sale, filed a motion objecting to confirmation of the debtor's plan and requesting that the bankruptcy petition be dismissed on the grounds that Plaintiff's proposed plan, the current petition in bankruptcy and several previous petitions constituted an abuse of the bankruptcy system in an attempt to avoid a legal obligation (Br.Doc. # 4, pp. 1–2). Plaintiff's proposed plan was not confirmed (Br.Doc. # 9) and, with leave of the Bankruptcy Court, a Motion to Dismiss (Br.Doc. # 10) was jointly filed by the Chapter 13 Trustee and counsel for First National Bank. On August 25, 1988, the Bankruptcy Court filed its Order denying the Motion to Dismiss, conditioned upon the debtor's compliance with provisions set forth by the Bankruptcy Court in said Order (Br.Doc. # 14). Among the conditions set forth by the Bankruptcy Court was a requirement that the Debtor file not later than September 15, 1988, a proposed modified Chapter 13 plan, including all required schedules (Br.Doc. # 14, p. 2). Plaintiff's modified plan was not submitted until September 16, 1988 (Br.Doc. # 16) and Defendant First National Bank filed Motions objecting to confirmation of the proposed modified plan and requesting dismissal on the grounds that the late filing, failure to provide payments to the Defendant on the debt owed, and general unfeasibility of the plan constituted a failure to meet the conditions of the Bankruptcy Court's August 25, 1988 Order (Br.Doc. # 14) and an abuse of the bankruptcy system (Br.Docs. 21, 24). On October 27, 1988, a hearing was held on confirmation of the Debtor's proposed modified plan, following which Plaintiff's bankruptcy case was dismissed with no leave granted to file a modified plan, on the grounds that Plaintiff had failed to comply with the August, 1988 Order of the Bankruptcy Court (Br.Doc. # 27).

■ 2. Bankruptcy Rule 8002 allows ten days during which a party may file an appeal or a motion under Bankruptcy Rules 7052(b), 9015, or 9023. Bankruptcy Rule 9006(a), as amended August 1, 1987, provides that "[w]hen the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Bankruptcy Rule 9006(a). Thus, Plaintiff had until November 11, 1988 (ten days, excluding weekends, after the October 28, 1988 dismissal) to file an appeal or an appropriate motion. On November 10, 1988, Plaintiff filed a motion asking the Court to overrule a motion filed by Defendant First National and the Chapter 13 Trustee to disburse funds on hand (Br.Doc. # 28) and "that the Court Order of October 28, 1988, be changed to reinstate the case and confirm Debtor's Chapter 13 plan." (Br.Doc. # 31). In the Sixth Circuit, motions filed within ten days after an Order of Dismissal, particularly motions filed *pro se*, are to be liberally construed and may be considered as motions pursuant to Rules 52 or 59 of the Federal Rules of Civil Procedure. *Barnes v. United States Army*, 863 F.2d 47 [TABLE] (6th Cir.1988); *Campbell v. City of Detroit*, 848 F.2d 189 [TABLE] (6th Cir.1988); *Culp v. Young*, 803 F.2d 718 (6th Cir.1986); *Reeves v. Monsour*, 785 F.2d 310 (6th Cir.1986). This Court concludes that Plaintiff's Motion of November 10, 1988 (Br.Doc. # 31) is properly construed as a motion to alter or amend the judgment under Bankruptcy Rule 9023, Fed.R.Civ.P. 59(e). As a result, the time for appeal from the Order of Dismissal did not begin to run until the entry of the Order addressing this motion. Bankruptcy Rule 8002(b). On December 15, 1988, the Bankruptcy Court filed its Order denying

Plaintiff's Motion (Br.Doc. # 38). Under Bankruptcy Rule 8002, Plaintiff then had until December 30, 1988 (ten days excluding weekends and holidays) to file Notice of Appeal. Plaintiff's Notice of Appeal was timely filed within that period, on December 27, 1988 (Br.Doc. # 48). Accordingly, in the case now before this Court, Defendant First National Bank's Motion to Dismiss the Appeal (Doc. # 4) on the grounds that said appeal was untimely is overruled. The merits of the Appellant's appeal will be addressed pursuant to a briefing schedule to be set forth by separate entry.

■ 3. In the case at bar, Plaintiff contends that Defendant First National Bank began to execute its pre-petition judgment within ten days of the October 28, 1988 dismissal, in violation of Bankruptcy Rule 7062 (Doc. # 2, p. 1). Bankruptcy Rule 7062 makes applicable Federal Rule of Civil Procedure 62 which provides in part that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after its entry." Fed.R.Civ.P. 62(a). The Bankruptcy Court, addressing Plaintiff's argument on a Motion for a Temporary Restraining Order filed in Bankruptcy Court (Br.Doc. # 40), concluded that Bankruptcy Rule 7062, through Federal Rule of Civil Procedure 62, provides a stay in the execution of a judgment awarded by the *Bankruptcy Court*, and was inapplicable in Plaintiff's case, wherein any action taken by Defendant First National Bank was on the basis of a pre-existing judgment rendered by a *state court* (Br.Doc. # 43, p. 4). This interpretation is supported by the language of the rule; however, it varies slightly from what appears, from the relatively few cases on point, to be the prevailing approach. Such approach was articulated by the First Circuit in its well reasoned opinion in *In re Saez*, 721 F.2d 848 (1st Cir.1983), which this Court will follow. Under Bankruptcy Rule 1017(d), a proceeding to dismiss is governed by Rule 9014. As noted by the Court in *In re Saez*, Bankruptcy Rule 9014 makes applicable Bankruptcy Rule 7062 in *contested* matters, "unless the court otherwise directs." The court found in *In re Saez* that the dismissal

of petitioner's bankruptcy case was not as the result of a contested matter but simply from a failure to prosecute the case in a diligent manner. *In re Saez* at 852. The automatic stay provisions of Bankruptcy Rule 7062 were, therefore, not applicable. *Id.* The case at bar represents a closer question as to whether the dismissal was a contested matter, in view of the fact that Defendant had filed Motions to Dismiss (Br.Docs. # 10, 21, 24).

Herein, the dismissal was ordered by the Bankruptcy Court on the grounds that Plaintiff failed to comply with the conditions set forth in the August 24, 1988 Order of the Bankruptcy Court (Br.Doc. # 27). Plaintiff does not contend that she fulfilled all of the requirements set forth therein, but rather that she should be excused from fulfilling some requirements, based in part on her argument that there was no outstanding debt requiring payment to Defendant First National Bank (Br.Doc. # 31, p. 2). This is not a new argument but rather is one which had been presented to and considered by the Bankruptcy Court before the entry of the August 25, 1988 Order (see Br.Doc. # 11, p. 2).

Thus, the dismissal was not the result of a determination by the Bankruptcy Court of a disputed issue, but rather was simply the result of Plaintiff's failure to comply with all conditions imposed upon her by the Bankruptcy Court's previous Order. This Court concludes that the dismissal did *not* constitute a contested proceeding and did not, therefore, bring into effect the automatic stay provided through Bankruptcy Rule 7062. Accordingly, the Defendant First National Bank was free to take steps to execute upon its pre-petition judgment within ten days of the October 28, 1988 dismissal.

■ 4. If it is assumed, however, that the dismissal did constitute a contested proceeding which effected the automatic stay provided through Bankruptcy Rule 7062, the issue becomes whether any actions allegedly taken by Defendant First National Bank violated that stay.

Plaintiff alleges that Defendant "began executing its pre-petition judgment on October 31, 1988" only three days after the October 28th dismissal (Doc. # 2, p. 1). While Plaintiff does not specifically describe the actions which constitute executing a judgment, the exhibits attached to Plaintiff's motion suggest that Defendants took steps to reschedule and advertise the Sheriff's sale of Plaintiff's property which the automatic stay effected by Plaintiff's Petition in Bankruptcy had stopped (Doc. # 2, Exhs. A & C).

In similar circumstances, courts have held that "[p]ostponement notices which specify a new sale date do not violate 11 U.S.C. § 362," *In re Roach,* 660 F.2d 1316, 1318 (9th Cir.1981), and that no violation of a stay occurs by the continuance, or announcement thereof, of a statutory foreclosure sale. *In re Doud,* 30 B.R. 731, 732 (Bankr.W.D.Wash.1983). The courts reasoned that a mere rescheduling of sale "is not in and of itself adversarial and does not disrupt the status quo." *In re Doud* at 734.

Accordingly, this Court concludes that even assuming that the ten-day automatic stay provision of Bankruptcy Rule 7062 was applicable, no actions taken by Defendant violated that stay.

■ 5. In the alternative, if Defendant's actions were considered to have violated the stay, it would be necessary to assess both the injury Plaintiff suffered as a result thereof and the appropriate relief to be ordered by the Court.

The stay by its language is limited to ten days. During the ten days following the dismissal, the foreclosure sale was apparently reset and advertised for December 30, 1988 (Doc. # 2, Exhs. A and C), at least six weeks after the expiration of any stay. At the time that Plaintiff's Petition in Bankruptcy was filed, a foreclosure sale was scheduled for the next day (Doc. # 3, p. 2). Thus, ten days after the dismissal of Plaintiff's case, she was actually in a better position and Defendant in a somewhat worse position, than existed when Plaintiff filed her petition.

A stay pending appeal may be ordered by the Bankruptcy Court upon motion. Bankruptcy Rule 8005. Plaintiff filed in Bankruptcy Court two Motions for Temporary Restraining Orders, on December 16, 1988 (Br.Doc. # 39) and on December 29, 1988 (Br.Doc. # 49). The Bankruptcy Court, proceeding on the assumption that Rule 8005 was applicable (Br.Doc. # 42, p. 5 and # 50, p. 5), carefully considered the merits of the Plaintiff's request for a stay and found not merely that Plaintiff failed to make a showing sufficient to meet the standards required for the granting of a temporary restraining order, but also that there was *"no* basis to grant the relief requested" (Br.Doc. # 50, p. 5, emphasis added) in view of "[t]he overwhelming evidence ... that these debtors failed to act in good faith" (Br.Doc. # 50, p. 5), that there was on the part of Plaintiff "a willful failure to comply with the requirements of the Bankruptcy Code and the Orders entered in the case, and ... that the debtor intended to manipulate the Bankruptcy Code in a manner contrary to the intent of the Bankruptcy Code." (Br.Doc. # 50, p. 7).

Under Bankruptcy Rule 9014, Bankruptcy Rule 7062 is applicable to contested proceedings only if the court does not otherwise direct. This Court concludes that the effect of the two decisions of the Bankruptcy Court (Br.Docs. # 42 and # 50) on Plaintiff's Motions for Temporary Restraining Orders is to direct that any stay which might otherwise have been available under Rule 7062 or Rule 8005 should not be applicable *either* following the October 28, 1988 dismissal *or* upon the Bankruptcy Court's December 15, 1988 Order (Br.Doc. # 38) overruling what this Court construes as Plaintiff's Motion to Alter or Amend. Even then, the sale did not take place until more than two weeks after the Bankruptcy Court's decision on Plaintiff's motion. Thus, no change in the parties' position or legal status took place until after any potentially applicable stay under Br.R. 7062 would have expired with respect to either Order, and before there was any change in the position or legal status of the parties— that is, before the foreclosure sale took place—the Bankruptcy Court twice con-

sidered on the merits Plaintiff's entitlement to the relief requested (the stay from execution of Defendant's state court judgment) and found no entitlement to a stay (Br.Docs. # 42 and # 50).

This Court concludes that Plaintiff has no claim for relief against Defendant for acting in violation of Bankruptcy Rule 7062 in that, alternatively, the October 28, 1988 dismissal was not a judgment on a contested matter and did not, therefore, bring into effect the stay provided through Bankruptcy Rule 7062; that even if Bankruptcy Rule 7062 was otherwise applicable to either the October 28 or December 15, 1988 decisions of the Bankruptcy Court, the effect of the reasoning and findings of those decisions, pursuant to Bankruptcy Rule 9014, was to direct that Bankruptcy Rule 7062 should not apply; that if Bankruptcy Rule 7062 was applicable and did bring about an automatic ten-day stay, the actions complained of did not violate any such stay; and that if the actions taken by Defendant did violate any such stay, there was no injury to Plaintiff since there was no change in the legal status of the parties with respect to the property at issue from the time of Plaintiff's filing of the petition in bankruptcy until the December 30, 1988 foreclosure sale. Accordingly, any requests by Plaintiff for relief in this Court, based on Defendant's actions during the ten days following dismissal of Plaintiff's petition in bankruptcy or on the Bankruptcy Court's denial of injunctive relief, are hereby denied.

6. In requesting injunctive relief from this Court on a Motion for a Temporary Injunction (Doc. # 2) and a Motion to Vacate the State Court's Entry of Confirmation and Distribution (Doc. # 15), the grounds upon which Plaintiff has apparently relied are that she is entitled as a matter of course to relief equivalent to the stay which would have been available under 11 U.S.C. § 362 had her case in bankruptcy not been dismissed, and additionally that she is entitled to the relief she seeks because of Defendant's misconduct in its proceedings against her (Doc. # 2, p. 2). However, because of the conclusions reached by

the Bankruptcy Court regarding Plaintiff's entitlement to the relief sought in that court and the conclusions reached by this Court with respect to the effect of Bankruptcy Rule 7062 on the facts of this case, Plaintiff cannot successfully maintain in this Court that her failure to obtain a stay of the foreclosure sale in Bankruptcy Court was merely due to confusion regarding the procedural status of her various motions or her appeal, or that she is now entitled to such relief on the grounds that Defendant has acted in violation of an automatic stay.

Plaintiff's remaining argument that she is entitled to injunctive relief rests on her claim that there is no valid debt owing to Defendant (Doc. # 2, p. 3). A state court judgment, affirmed by the State Court of Appeals, and denied review by the Ohio Supreme Court, which acts as *res judicata* in this Court, indicates otherwise (Doc. # 3, p. 2). It appears that Plaintiff wishes to appeal from the dismissal of her petition in bankruptcy not so much because she wishes to take advantage of the bankruptcy system as a means of structuring the payment of the debt which she has been adjudged to owe Defendant, but rather as a means of collaterally attacking the state court judgment (see Doc. 2, p. 3: "However, if the temporary injunction is not granted, Debtor's appeal becomes moot"). It is not the purpose of Bankruptcy Courts or Federal District Courts to sit as appellate courts for state court judgments, and in view of four years of litigation through the state court system and in Bankruptcy Court (Doc. # 3, p. 2), it is impossible to conclude that Plaintiff has been deprived of the opportunity to be heard on her claim.

With respect to Plaintiff's request to this Court for a stay pending appeal (as permitted under Br.R. 8005), the applicable considerations are substantially the same as those applicable to requests for temporary or preliminary injunctive relief (*In re Hamilton*, 95 B.R. 564 (N.D.Ill.1989); *In re Baldwin United Corp.*, 45 B.R. 385 (Bankr.S.D.Ohio 1984); *In re Cybernetic Services, Inc.*, 94 B.R. 951 (Bankr.W.D. Mich.1989)):

1) whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits;

2) whether the plaintiff has shown irreparable injury;

3) whether the issuance of a preliminary injunction would cause substantial harm to others;

4) whether the public interest would be served by issuing a preliminary injunction.

*Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982). These considerations are to be used as guidelines in determining whether or not the stay should issue and should be balanced against each other in a manner consistent with the purposes of the bankruptcy system. *In re Leibinger–Roberts*, 92 B.R. 570 (E.D.N.Y.1988); *In re Smith*, 34 B.R. 144 (Bankr.D.Vt.1983). This Court concludes that, while Plaintiff has shown the threat of irreparable injury if the relief is not granted (the loss of her residence), that not only Defendant, but also the state and the public have a strong interest in preventing extended delay and uncertainty in the execution of state court judgments, and that at this juncture, Plaintiff has shown no probability of success on the merits of the claims upon which her appeal is based, a conclusion which is dispositive in determination of Plaintiff's entitlement to temporary or preliminary injunctive relief. *Gaston Drugs, Inc. v. Metropolitan Life Ins. Co.*, 823 F.2d 984, 988 (6th Cir.1987). Accordingly, Plaintiff's Motion for a Temporary Injunction pending appeal (Doc. # 2) and Motion to Vacate State Court's Entry of Confirmation and Distribution (Doc. # 15) are overruled.

In sum, Defendant's Motion to Dismiss the Appeal (Doc. # 4), Plaintiff's Motion for a Temporary Injunction pending appeal (Doc. # 2), and Plaintiff's Motion to Vacate State Court's Entry of Confirmation and Distribution (Doc. # 15) are overruled. If Plaintiff wishes to pursue her appeal of the dismissal of her bankruptcy case after the decisions rendered herein, the appeal will proceed on the merits.