**In re Lawrence B. GREENE and Helena Greene, Debtors.**

**Bankruptcy No. 85–B–20159.**

United States District Court, S.D. New York.

July 10, 1985.

Rudolph W. Giuliani, U.S. Atty., New York City, for I.R.S.; Alan Nisselson, Asst. U.S. Atty., of counsel.

Lawrence B. Greene & Helena Greene, pro se.

## HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Internal Revenue Service ("IRS") seeks a modification of a default order dated May 2, 1985 restraining the IRS from enforcing and further issuing compliance and administrative summonses to obtain information and data from banking institutions for the purpose of determining the correctness of federal income tax returns filed by the debtors.

On March 28, 1985, the debtors, Lawrence B. Greene and Helena Greene, who are husband and wife, filed with this court their joint petition for an adjustment of their debts pursuant to Chapter 13 of the Bankruptcy Code. On May 1, 1985 the debtors' motion entitled "Notice of Motion to Stop Harassment and Demanding of Papers" was scheduled for hearing. Due to some mistake the United States Attorney's office failed to appear in opposition to the debtors' motion with the result that a default order was entered on May 2, 1985 directing that, pursuant to the automatic stay imposed under 11 U.S.C. § 362(a), the IRS was stayed from undertaking any collection matters for prepetition obligations involving the debtors during the pendency of their bankruptcy case. The IRS now seeks to modify the default order so as to provide that the stay imposed by 11 U.S.C. § 362(a) and the May 2, 1985 order of this court shall not affect the issuance of, and compliance with, administrative IRS summonses issued to any banks for purposes of gathering information concerning tax obligations of the debtors.

The IRS is authorized under 26 U.S.C. § 7602 of the Internal Revenue Code to "examine any books, papers, records, or other data which may be relevant or material" to an inquiry into "the correctness of any return." The summons power gives the IRS the authority necessary for the effective enforcement of the revenue laws. *United States v. Euge*, 444 U.S. 707, 715–16, 100 S.Ct. 874, 880, 63 L.Ed.2d 141 (1980). Third parties who have records pertaining to the income tax liabilities of taxpayers usually include banks and other financial institutions, consumer reporting agencies, persons extending credit, brokers, attorneys, accountants and barter exchanges, are referred to as third-party recordkeepers in 26 U.S.C. § 7609(a)(3). In view of the fact that third-party recordkeepers are not the real parties in interest and have little incentive to raise objections to summonses issued in connection with the

investigation of tax liabilities of specific taxpayers, provision is made for notice to be given to the taxpayers under investigation pursuant to the issuance of third-party recordkeeper summonses, accompanied by a copy of each summons. 26 U.S.C. § 7609(a)(1).

In the instant case, third-party recordkeeper summonses were issued to banks for the production of records pertaining to the debtors' financial records and for the records of a corporation with respect to which the debtors had a financial interest. The debtors contend that the issuance of these third-party recordkeeper summonses constitute harassment and violate the automatic stay imposed under 11 U.S.C. § 362(a).

 The automatic stay proscribes the commencement or continuance of actions, including the issuance of process, to recover prepetition claims against debtors. 11 U.S.C. § 362(a)(1). The automatic stay also enjoins the enforcement of any liens against property of the estate. 11 U.S.C. § 362(a)(4). Acts to collect or assess prepetition claims against a debtor are enjoined. 11 U.S.C. § 362(a)(6). Similarly, the setoff of prepetition debts owing to the debtor is stayed. 11 U.S.C. § 362(a)(7). The IRS is subject to the automatic stay with respect to prepetition claims along with all other creditors of a debtor and is therefore prevented from setting off any tax refunds owed to a debtor against income taxes owed by the debtor. *In re Coleman American Cos., Inc.*, 10 B.C.D. 185, 26 B.R. 825 (Bkrtcy. D.Kan.1983); *In re Norton*, 8 B.C.D. 647, 15 B.R. 623 (Bkrtcy.E.D.Pa.1981), *aff'd, IRS v. Norton*, 717 F.2d 767 (3rd Cir.1983); *In re Harris*, 8 B.C.D. 1338, 19 B.R. 624 (Bkrtcy.E.D.Pa. 1982); *In re Holcomb*, 8 B.C.D. 1236, 18 B.R. 839 (Bkrtcy.S.D.Ohio 1982).

The third-party recordkeeper summonses issued by the IRS do not constitute the commencement of actions against the debtors to recover prepetition taxes owed by the debtors nor do they purport to effect the collection of prepetition taxes owed by them. No lien enforcement is involved and no property of the debtors is taken. The automatic stay was not intended as a refuge for debtors from IRS examinations of third parties with respect to the tax liabilities of the debtors. This point was stated as follows in *United States v. Arthur Andersen & Co.*, 623 F.2d 725, 728 (1st Cir. 1980):

> Not only do we see no statutory or case authority supporting the proposition that IRS loses its authority to investigate under a summons simply because an investigatee has come within the jurisdiction of a bankruptcy court, but we discern no supporting reasons of policy.
>
> * * * * * *
>
> Indeed, were the proposition to be valid, we could envisage asylum sorties into bankruptcy whenever the IRS chase became too hot.

 In view of the fact that the IRS summonses were issued to third parties for their records and data and not to the debtors, the restraints imposed under the automatic stay, so as to allow the debtors an opportunity to proceed with their Chapter 13 case, are not violated. Accordingly, while the IRS is subject to the automatic stay with respect to all collection matters for prepetition tax liabilities of the debtors during the pendency of their bankruptcy case, unless relief is obtained under 11 U.S.C. § 362(d), such stay and the previous order of this court do not enjoin the issuance and compliance with IRS third-party recordkeeper summonses directed to banks for purposes of gathering information concerning the tax obligations of the debtors. The IRS is entitled to the entry of an order modifying the May 2, 1985 order so as to make clear that the reach of the automatic stay does not extend to the third-party recordkeeper summonses in question.

SUBMIT ORDER in accordance with the foregoing.