**UNITED STATES of America, David Eichel, Revenue Agent, Internal Revenue Service, Petitioners,**

v.

**UNIVERSAL LIFE CHURCH, Respondent.**

**No. CV F–87–470 EDP.**

United States District Court, E.D. California.

April 4, 1990.

Edward O.C. Ord, Norman & Ord, San Francisco, Cal., Carl Collins, Altman, Collins & Gross, Modesto, Cal., for respondent.

David F. Levi, U.S. Atty., Thomas F. Carlucci, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for petitioners.

MEMORANDUM DECISION RE:
OBJECTIONS OF DEBTOR TO
ORDER TO SHOW CAUSE

PRICE, District Judge.

On January 28, 1988, the Court made and entered its order enforcing an Internal Revenue Administrative summons. Subsequently, an order to show cause was issued on May 5, 1988. The basis for the issuance of the order to show cause was that petitioners alleged that the Universal Life Church, and its officers, had not complied with the Court's order of August 31, 1987.

After an evidentiary hearing, on June 9, 1988, the Court entered the following order:

1. That the Universal Life Church has since April 26, 1988, been in willful disobedience to the Court's order.

2. The Court finds respondent Universal Life Church in contempt of the Court and orders it to pay to the United States of America the sum of $100.00 per day from the date of this order until such time as they have complied with the court's order.

3. Appellant has not taken the necessary steps to stay the Court's order of January 28, 1988.

At the request of the government, a further order to show cause was issued, to be returned on June 5, 1989. The hearing on this matter was dropped at the request of counsel, inasmuch as the moving papers filed by the respondent indicated that compliance with the administrative summons was imminent. It should be noted that after the issuance of the order to show cause, petitioners filed a motion for "Entry of a Money Judgment."

On February 26, 1990, petitioners again requested that the Court issue an order to show cause. The declaration of counsel for the government states in pertinent part that:

3. On or about June 1, 1989, ULC produced the Summoned records for inspection in the affairs of Riston & Company, Modesto, California, ULC's CPA.

4. From June 1, 1989, until late November, 1989, Revenue Agent Eichel was permitted to examine the documents produced as set out in paragraph 3.

5. In late November 1989, ULC's counsel requested that the IRS, suspend the examination, because the documents being inspected were necessary for a trial in the U.S. Tax Court, which was scheduled to begin on December 4, 1989.

6. ULC's counsel indicated that ULC could not comply with the summons and simultaneously contest the Government's asserted deficiency in the Tax Court, at the same time.

7. I told ULC's counsel that the Government would agree to a suspension of the examination during the period the parties were in trial.

8. On November 29, 1990, a few days before the Tax Court trial was to begin, ULC filed a Chapter 11 petition in bankruptcy.

9. On November 30, 1989, Mr. Ord sent a letter to the undersigned attorney, advising that ULC had filed bankruptcy and that accordingly the examination was stayed pursuant to Section 362, 11 U.S.C.

The Court's research indicates that this issue has never been previously addressed by a trial or appellate court, i.e., whether the automatic stay which issues automatically under a Chapter 11 Bankruptcy filing affects the right of the Internal Revenue Service to conduct its examination pursuant to 26 U.S.C. § 7611. Accordingly, the Court issued a pre-hearing order, requiring counsel to brief the issue of the effect of 11 U.S.C. § 362 upon the continuing investiga-

tion of the internal affairs of the respondent by the Internal Revenue Service. Counsel has complied.

The respondent church contends that the government's application for an order to show cause regarding contempt violates the stay order, requiring the Court to invoke the penalties provided for in 11 U.S.C. § 362. The Court reviews the procedure which the government must follow in its investigation. This IRS investigation arises from the fact that the respondent claims to be exempt from tax action by the United States by virtue of its status as a church. The Internal Revenue Service, as the taxing agency of the government, seeks to review certain records to determine if some or all of the respondent's activities would defeat the tax exempt status previously claimed by the respondent.

The Government relies upon 26 U.S.C. § 7611(a)(1986) as authority for its activities. That section provides that:

**(a) Restrictions on inquiries.**

(1) **In general.** The Secretary may begin a church tax inquiry only if

(A) the reasonable belief requirements of paragraph (2), and

(B) the notice requirements of paragraph (3), have been met.

(2) **Reasonable belief requirements.** The requirements of this paragraph are met with respect to any church tax inquiry if an appropriate high-level Treasury official reasonably believes (on the basis of facts and circumstances recorded in writing) that the church

(A) may not be exempt, by reason of its status as a church, from tax under section 501(a), or

(B) may be carrying on an unrelated trade or business (within the meaning of section 513) or otherwise engaged in activities subject to taxation under this title.

Title 26 of the United States Code, section 7611(b) states the restrictions upon such an examination.

There is no dispute that the respondent church filed a petition in the bankruptcy court on November 29, 1989, pursuant to Chapter 11 of the Bankruptcy Act. Title

11 of the United States Code, section 362, of course, entitles the respondent to the benefit of its provisions. The purpose of title 11 U.S.C. section 362 was explained in *Morgan Guaranty Trust Company of New York v. American Savings and Loan Association*, 804 F.2d 1487, 1491 (9th Cir. 1986):

The statute seeks to ensure orderly administration of the debtor's estate to protect the creditors' right to equality of distribution, *see Superior Paint Manufacturing Co. v. Lopez–Soto (In re Lopez–Soto)*, 764 F.2d 23, 27 (1st Cir.1985); *Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 508 (7th Cir.1982); Sen.Rep. No. 989, 95th Cong., 2d Sess. at 49 (1978); *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5835; H.Rep. No. 595, 95th Cong. 1st Sess. at 340 (1977), *reprinted in* 1978 U.S.Code. Cong. & Ad.News 5787, 6297; *see also First National Bank of Anchorage and Alaska Title Guaranty Co. v. Roach (In re Roach)*, 660 F.2d 1316, 1318–19 (9th Cir.1981); to provide a breathing spell for the debtor, *Roach*, 660 F.2d at 1318; H.Rep. No. 595 at 121, *reprinted in* 1978 U.S.Code Cong. & Ad.News at 6082; and to maintain the status quo, *Roach*, 660 F.2d at 1319; *United States v. Sayres*, 43 B.R. 437, 439 (W.D.N.Y.1984); *United Mutual Savings Bank v. Doud (In re Doud)*, 30 B.R. 731, 734 (Bankr.W.D. Wash.1983). An additional purpose of the stay, to which Congress specifically addressed subsection 362(a)(6), is to prevent harassment of the debtor by sophisticated creditors. Sen.Rep. No. 989 at 50–51, *reprinted in* 1978 U.S.Code Cong. & Ad.News at 5836–37; H.Rep. No. 595 at 125–26, 342, *reprinted in* 1978 U.S. Code Cong. & Ad.News 6086–87, 6298; *see Roach*, 660 F.2d at 1318; *Brown v. Pennsylvania State Employees Credit Union (In re Brown)* 49 B.R. 558, 561 (Bankr.M.D.Penn.1985).

In this case, the government does not approach the respondent church as a creditor demanding payment, but rather to inquire as to whether the tax status previously granted is still appropriate. Should

that question be answered in the negative, the church is still possessed of all the rights of any other taxpayer to attack the government's determination.

The Court finds that this is a close question. In these circumstances, the position taken by the respondent church is not unreasonable, nor does it demonstrate the requisite disregard of the Court's order to warrant a finding of contempt. The Court notes that shortly after a change of counsel on June 1, 1989, the respondent started with compliance. This continued until excused by petitioners' counsel to allow the respondent church to proceed with litigation in another forum. Then the bankruptcy intervened.

Respondent is directed to resume compliance with the Court's prior orders within ten (10) days of this Memorandum Decision.