**In re James R. SPENCER, Debtor.**

**4–90–04436 T3.**

United States Bankruptcy Court, N.D. California.

Jan. 18, 1991.

Cory A. Birnberg, Birnberg & Associates, San Francisco, Cal., for debtor.

Julia Dewey, Sp. Asst., U.S. Atty., San Francisco, Cal., for U.S.

## MEMORANDUM OF DECISION

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

The above-captioned chapter 11 case was commenced on September 10, 1990. On October 24, 1990, without obtaining relief from the automatic stay, the Internal Revenue Service (the "IRS") issued two summonses (the "Summonses") pursuant to 26 U.S.C. § 7602 directed to Wells Fargo Bank, N.A. ("Bank"), requesting the production of certain bank records.[1] One

---

**1.** Section 7602 of the Internal Revenue Code permits the IRS to summon a believed tax debtor or any person having custody of books of account containing entries relating to the be-

lieved tax debtor's business to appear before the IRS to give testimony under oath and to produce the books and records. The summons can only be used for the purpose of determining the

Summons (the "Spencer Summons") requested the production of records relating to the debtor's checking account with the Bank's Redwood City branch for July 1, 1990 through October 31, 1990. The other (the "Encore Summons") requested the production of records for the same time period relating to a checking account at the same branch maintained in the name of Encore Partners, Inc. ("Encore"), a corporation owned by the debtor. The production date of each Summons was November 19, 1990.

The debtor moved to quash the Summonses.[2] The Court granted the motion on a temporary basis on November 16, 1990 pending further hearing.[3] Further hearing was held on December 19, 1990. At that hearing, the Court announced its decision from the bench and stated that its oral order would be effective immediately. The Court concluded that it had no jurisdiction over the motion to quash the Encore Summons and on that basis denied the motion with respect to Encore. The Court held that it did have jurisdiction to consider the motion to quash the Spencer Summons. It found that the issuance of the Summons had violated the automatic stay. However, it stated that it would treat the IRS's request for a determination of whether the issuance of the Summonses constituted a violation of the automatic stay as a request for relief from the automatic stay and would grant that request. The reasons for the Court's decision are set forth below.

## A. ENCORE SUMMONS

■ It is well established that the automatic stay of 11 U.S.C. § 362 protects only the debtor and property of the estate. *Ingersoll–Rand Financial Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987); *Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2d Cir.1986), *appeal dismissed*, 816 F.2d 670 (2d Cir.1987); *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir.1987), *cert. denied, Rockefeller Group, Inc. v. 48th Street Steakhouse, Inc.*, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988). Under state law, a corporation is considered a legal entity separate and distinct from its owner or owners. *Merco Constr. Eng'r. Inc. v. Municipal Court*, 21 Cal.3d 724, 729, 147 Cal.Rptr. 631, 634, 581 P.2d 636 (1978). Thus, Encore is not protected by the automatic stay in this case. Encore also alleges that the Summonses were issued for an improper purpose. If this Court had jurisdiction over this motion, it would be required to consider those grounds. However, it concludes that it does not.

Bankruptcy jurisdiction is governed by 28 U.S.C. 1334(a) and (b).[4] This jurisdiction is granted to the district court, but the district court is permitted to refer any or all of this jurisdiction to the bankruptcy court. 28 U.S.C. § 157(a). The District Court for the Northern District of California has referred all cases and proceedings

correctness of the person's tax return, of making a return where none has been made, or of determining the person's tax liability, or to inquire into any offense connected with the administration or enforcement of the internal revenue laws. No summons may be issued if the IRS has recommended that the Justice Department investigate a believed criminal offense.

2. Section 7609 governs the procedures applicable to third party summonses issued by the IRS. It requires that notice of the summons be given to the subject of the investigation within three days after the summons is served on the third party. It permits any person entitled to notice to begin a proceeding to quash the summons.

3. An earlier ex parte motion to quash was denied without prejudice by the Honorable Edward Jellen on November 9, 1990. The order

denying the motion instructed the debtor to consider various legal issues not addressed in that motion before reapplying for relief. Although the renewed motion does not fully address these issues, this Court does not base its decision on that deficiency.

4. 28 U.S.C. § 1334(a) and (b) provides as follows:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

specified in 28 U.S.C. § 1334(a) and (b) to the bankruptcy court, with the exception of any proceedings pending before the district court at the time the bankruptcy case is filed. Rule 700–2, Local Rules, United States District Court, Northern District of California ("Rule 700–2").

A motion to quash a summons issued under 26 U.S.C. § 7602 clearly does not constitute either a bankruptcy case or a civil proceeding under title 11. It also does not arise in a bankruptcy case where neither the third party summoned nor the object of the investigation is the debtor in the bankruptcy case. Therefore, by default, this Court has jurisdiction over the motion to quash the Encore Summons only if the motion relates to the bankruptcy case. 28 U.S.C. § 1334(b).

■ In this Circuit, the test of whether a proceeding is related to a bankruptcy case is whether the outcome of the proceeding could have any conceivable effect on the bankruptcy case. *In re Fietz*, 852 F.2d 455, 457 (9th Cir.1988). The debtor has not demonstrated to the Court any such conceivable effect, and the Court cannot conceive of any such effect itself.

■ The debtor apparently believes that the fact that he is the owner of Encore is enough to relate the motion to quash the Encore Summons to his bankruptcy case. This theory presents problems. What if the debtor were not the sole owner, but merely a 50% owner? Would the motion to quash still be related? What if the debtor held a minority interest?

Moreover, it is unclear what difference it would make to the debtor if the motion were granted or denied. The Summons demands the production of documents, nothing more. Clearly, the IRS could obtain the same information through some other, albeit more cumbersome, means. Because the Encore Summons is a third party summons, compliance with the summons will not be burdensome to the debtor. There being no apparent basis for jurisdiction over the motion to quash the Encore Summons, the Court denies the motion.

## B. SPENCER SUMMONS

### 1. *Jurisdiction.*

■ The IRS has argued that this Court has no jurisdiction to determine the motion to quash the Spencer Summons either. This Court does not agree. This portion of the motion clearly constitutes a civil proceeding arising in a bankruptcy case and thus is within the jurisdictional grant of 28 U.S.C. § 1334(b). Since the motion was not pending at the time the bankruptcy case was filed, the motion is automatically referred to the bankruptcy court pursuant to Rule 700–2. The IRS argues that 26 U.S.C. § 7604, which gives the district court jurisdiction to enforce a summons issued under 26 U.S.C. § 7602, somehow deprives the bankruptcy court of jurisdiction over the controversy. The difficulty with that argument is the absence of the word "exclusive" in 26 U.S.C. § 7604.

It is possible that the district court and bankruptcy court have concurrent jurisdiction over the motion to quash the Spencer Summons. Alternatively, one might argue that Rule 700–2 evidences an intent by the district court to refer all proceedings specified in 28 U.S.C. § 1334(b) to the bankruptcy court except for those matters already pending when the bankruptcy case was filed, even those proceedings for which there is an independent basis for jurisdiction in the district court. This Court need not decide which of these two arguments is correct since, in either event, this Court has jurisdiction to hear the motion.

### 2. *Motion to Quash.*

Initially, the debtor's motion to quash the Spencer Summons was based solely on the ground that the issuance and service of the summons violated the automatic stay of 11 U.S.C. § 362. It is undisputed that the IRS knew of the pendency of the bankruptcy case when the summons was issued. The IRS was asked to desist and refused to do so. The Deputy United States Attorney advising the IRS informed the debtor's counsel that the administrative summons involved mere information gathering and, as such, did not violate the automatic stay. She invited the debtor's counsel to provide

authority to the contrary. He was apparently unable to do so.

 In opposing this motion, as discussed above, the IRS contended that this court had no jurisdiction to determine the motion to quash the Summonses. However, it expressly requested a determination of whether the issuance of a third party summons under 26 U.S.C. § 7602, seeking information concerning a debtor, constitutes a violation of the automatic stay. This Court finds that it does. Section 362(a)(1) expressly includes within its prohibition the issuance or employment of process in connection with an administrative proceeding against the debtor that could have been commenced before the bankruptcy case was filed. The issuance and service of the Spencer Summons falls within this description. Moreover, under the definition of·"willful" applicable in this Circuit, the violation was willful within the meaning of 11 U.S.C. § 362(h) despite the IRS's good faith belief upon advice of counsel that the action did not violate the automatic stay. *In re Bloom*, 875 F.2d 224, 227 (9th Cir.1989).

The IRS cites *United States v. Arthur Andersen & Co.*, 623 F.2d 725, 728 (1st Cir.1980), *cert. denied*, 449 U.S. 1021, 101 S.Ct. 588, 66 L.Ed.2d 483 (1980) in support of its actions. This case does not support its position. *Arthur Andersen* holds only that the IRS's power to issue a summons under 26 U.S.C. § 7602 is not preempted and thus destroyed by the procedures provided by the Bankruptcy Code and Rules for information gathering. *Id.* This Court agrees that the IRS's power to issue a summons under 26 U.S.C. § 7602 is not destroyed when a bankruptcy case is filed by the subject of the investigation. Whether the IRS's exercise of that power is stayed under 11 U.S.C. § 362 is another question. As set forth above, this Court concludes that it is.

The IRS also cites *In re Greene*, 50 B.R. 785, 787 (Bankr.S.D.N.Y.1985) in support of its position. *Greene* is on point. However, this Court respectfully disagrees with its conclusion. A careful reading of 11 U.S.C. § 362(a) will show that the automatic stay

has a broader scope than suggested in that opinion. See, *In re JZMC Enterprise, Inc.*, 1988 WL 222905, 1988 Bankr. LEXIS 2490 (Bankr. N.D.N.Y.1988) in which a revenue agent's unsolicited visit to and brief questioning of the debtor's principal was held to violate the automatic stay. Moreover, the *Greene* Court appears to assume that there is no middle ground between finding that the stay does not apply and putting up a permanent road block to the IRS's investigation. Requiring the IRS to request relief from the automatic stay in order to continue its investigation concerning pre-petition debt will not unduly burden the IRS. It will, on the other hand, give the bankruptcy court a chance to determine whether the investigation of the IRS should be deferred or conditioned in the best interests of the creditors and the rehabilitative effort. The conclusion reached by the *Greene* Court removes that opportunity.

The debtor does not seek damages under Section 362(h) of the Bankruptcy Code. However, because the debtor has requested that the Court address *Bulson v. United States*, 117 B.R. 537 (Bankr. 9th Cir.1990), the Court will in closing discuss the debtor's right to such damages. As noted above, it appears that the IRS has willfully violated the automatic stay in issuing the Spencer Summons. Under *Bulson*, the debtor would be entitled to damages. However, *Bulson* has been effectively overruled by *In re Pearson*, 917 F.2d 1215 (9th Cir.1990). In *Pearson*, the Court held that the IRS is protected by the doctrine of sovereign immunity from the imposition of such damages. *Id.* at 1216.

 The doctrine of sovereign immunity does not prevent the Court from quashing the Spencer Summons. Acts taken in violation of the automatic stay are voidable. *In re Schwartz*, 119 B.R. 207 (Bankr. 9th Cir.1990). Therefore, the Court should quash the Summons unless good cause exists for declining to do so. Having reviewed the facts of the case, the Court finds that it would not serve any purpose to quash the Summons since cause exists to grant the IRS relief from the automatic stay to proceed with its investigation.

 

The debtor has a history of bankruptcy filings and of tax delinquencies. The IRS has expressed concern that the debtor may be continuing to accrue withholding tax liability through his business operations. Based on the debtor's history, this concern seems legitimate. The IRS attempted to satisfy this concern before issuing the Spencer Summons by conducting an interview of the debtor on August 8, 1990. At that interview, the debtor's attorney was the only person who spoke on the debtor's behalf. He refused to let the debtor answer a single question; e.g., where the debtor was currently employed. The pretext for this refusal was that the debtor needed to consult with tax counsel. Yet, it appears that the debtor had had prior notice of the interview. No reason was given for the debtor's failure to consult with tax counsel before the interview.

In his reply brief, the debtor raised for the first time the argument that the Summonses were not properly issued for reasons unrelated to the debtor's pending bankruptcy case. Under *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964), when a summons is challenged, the Government must show that (1) there is a legitimate purpose for its investigation, (2) that the information sought is relevant to that purpose, (3) the Government has followed the proper procedures in obtaining the summons, and (4) that the IRS has determined, after investigation, that further examination is necessary and has notified the taxpayer in writing to that effect. The debtor contends that the IRS did not make these findings before issuing the summons. Specifically, he contends that there was no legitimate purpose for the issuance of the Summonses since the information desired was all available through procedures expressly authorized by the Bankruptcy Code.

■ The Court is not persuaded by the debtor's belated argument. Nothing in *United States v. Powell* requires the IRS to establish that there is no other procedure it could pursue to obtain the information in question before issuing a summons

under 26 U.S.C. § 7602. The IRS has clearly established that there is a legitimate purpose for the investigation and that the information sought is relevant to that purpose. The IRS conducted an interview in an attempt to obtain that information without resort to process. The debtor stonewalled. There is no evidence that the IRS is attempting to harass the debtor or to abuse its power under 26 U.S.C. § 7602 by issuing a summons for an improper purpose. To the contrary, the debtor appears to be attempting to abuse the bankruptcy system.

CONCLUSION

The motion to quash the Encore Summons is denied for lack of jurisdiction. The motion to quash the Spencer Summons is denied for cause. Although the issuance of the Spencer Summons violated the automatic stay, cause exists to grant the IRS relief to issue such a summons. Thus, it would be contrary to the interests of justice to quash the Spencer Summons. The IRS is directed to submit an order in accordance with the Court's decision.