**In re Elizabeth Ann Massengill MOORE, Debtor.**

**Bankruptcy No. 91–30072–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

May 24, 1991.

Chad P. Putgatch, Mark H. Shore, Ft. Lauderdale, Fla., for debtor.

Mark Stier, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Dexter W. Lehtinen, U.S. Atty., Miami, Fla., for U.S., Jerry Whitt, Revenue Officer, I.R.S., and Pamela Steele, Asst. U.S. Atty.

David R. Smith, I.R.S. Dist. Counsel, Miami, Fla.

## ORDER DENYING MOTION TO ENFORCE STAY AND FOR SANCTIONS

ROBERT A. MARK, Bankruptcy Judge.

THIS CAUSE came before the Court for hearing on May 7, 1991, on the Debtor's Motion to Enforce Stay and for Sanctions for Violation of Automatic Stay ("Motion to Enforce Stay"). The Debtor's motion arises from the post-petition efforts of the Internal Revenue Service to seek enforcement of an IRS summons in a proceeding presently pending in the United States District Court for the Eastern District of Tennessee, Case No. MISC No. 2–90–15 (the "Tennessee Action"). The Debtor also seeks sanctions against the United States of America, Jerry Whitt, Revenue Officer of the Internal Revenue Service, and Pamela G. Steele, Assistant U.S. Attorney. The IRS and the individual respondents argue that the government's efforts to enforce the IRS summons in the Tennessee Action do not violate the automatic stay. I agree and therefore deny the Debtor's motion.

## BACKGROUND

The Debtor filed a petition under Chapter 11 in this Court on January 11, 1991. Prior

to the filing date, the Government instituted the Tennessee Action to enforce two summonses, one in connection with the IRS's efforts to collect certain tax liabilities already assessed and the second to require the Debtor to appear and provide documents and records with respect to tax years in which the liability has not yet been determined.

With knowledge of the bankruptcy, the United States filed a Motion to Amend Order in the Tennessee Action on March 21, 1991. The motion to amend described the bankruptcy filing and requested enforcement only of the summons relating to the assessment and determination of tax liabilities, not the summons relating to collection. Arguing that the filing of a bankruptcy petition does not operate to stay actions to determine the income tax liability of a bankrupt debtor, the United States asked the District Court in Tennessee to enforce the summons and issue an order requiring the Debtor/Respondent to appear before the IRS and produce the records and documents required by the summons. The district court agreed and entered an order on April 18, 1991 compelling the Debtor to appear before the IRS in Tennessee or Florida and to produce the requested documents.

The Debtor has filed a complaint in this Court, adversary proceeding no. 91–0283–BKC–RAM–A seeking a determination of the Debtor's tax liability pursuant to 11 U.S.C. § 505. The Debtor argues that the automatic stay in 11 U.S.C. § 362 prohibits the IRS from enforcing its summons in Tennessee, particularly where an adversary is pending in the bankruptcy case to determine the same tax liability which is the subject of the summons. The Debtor argues that because of the automatic stay, the government should be required to obtain the information it seeks in Tennessee through discovery in the adversary proceeding here.

## DISCUSSION

Under § 505 of the Bankruptcy Code, this Court has jurisdiction to determine the Debtor's tax liability for the years in question. The IRS acknowledged this jurisdiction at the May 7, 1991 hearing on the Motion to Enforce Stay. It also appears that any information needed by the IRS to determine the Debtor's tax liability may be obtained through discovery in the adversary proceeding in this Court. Finally, it does appear to be inconvenient for the Debtor to respond both to a summons issued in Tennessee and to discovery requests promulgated in this adversary proceeding. Nevertheless, the issue presently before the Court is not whether this Court has jurisdiction over the tax issues or whether the issues can be more conveniently litigated in this forum. Instead, the narrow issue presented by the Debtor's motion is whether the automatic stay prohibited the IRS from seeking enforcement of its summons in Tennessee.

I have reviewed the cases cited by the government and the additional cases cited by the Debtor in a supplemental letter memorandum submitted after the hearing. Based upon my review of the cases, I find that the automatic stay in § 362 of the Bankruptcy Code does not operate to stay actions to determine the income tax liability of a bankrupt debtor. *U.S. v. Arthur Anderson & Co.*, 623 F.2d 725 (1st Cir. 1980); *Matter of Unger*, 104 B.R. 517 (Bankr.N.D.Ga.1989); *In re Greene*, 50 B.R. 785 (S.D.N.Y.1985).

The Debtor suggests that these cases are distinguishable because of the pending adversary proceeding in this case. Although I agree that it would be logical for the IRS to conduct its discovery in this Court as part of the adversary, this distinction does not affect the application of the automatic stay. None of the cases cited by the Debtor [1] nor any cases that I am aware of hold that enforcement of a summons by the IRS pursuant to 26 U.S.C. § 7602 violates the automatic stay even if the summons is issued against the Debtor and the Debtor

---

1. Debtor relies on the following case authority: *United States v. Universal Life Church,* 114 B.R. 246 (E.D.Cal.1990); *In re Guinn,* 102 B.R. 838 (Bankr.N.D.Ala.1989); *H & H Beverage Distribu-*

*tors, Inc. v. Dept. of Revenue,* 79 B.R. 205 (E.D.Pa.1987); *United States v. Kontaratos,* 36 B.R. 928 (D.Me.1984); *In re Loughnane,* 28 B.R. 940 (Bankr.Colo.1983).

has filed an adversary proceeding in the bankruptcy case to determine the tax liability.

Since the automatic stay does not apply, the Debtor must either seek relief from the district court in Tennessee or alternatively, seek injunctive relief from this Court pursuant to § 105 of the Bankruptcy Code. While I recognize that enforcement of the summons in Tennessee may cause some hardship for the Debtor, there has not been a showing at this point justifying entry of an affirmative injunction pursuant to § 105. For the foregoing reasons, it is—

ORDERED AND ADJUDGED as follows:

1. The Debtor's Motion to Enforce Stay is denied.

2. Denial of the Debtor's motion is without prejudice to the Debtor seeking relief either in the Tennessee Action or through a motion for injunctive relief in its pending adversary.

DONE AND ORDERED.