**In re Chad BUCK, Debtor.**

**No. 04–38444.**

United States Bankruptcy Court, N.D. Ohio.

April 29, 2005.

Beauregard Maximillion Harvey, Toledo, OH, for debtor.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court after a Hearing on the objection of the Creditor, Lakewood Acceptance Corporation, to the Debtor's Motion for Redemption. At the Hearing, the Court asked the Parties to brief the Court concerning whether the Debtor still maintained a right of redemption, since the property to be redeemed—in this case a motor vehicle—had already been sold by the Creditor. Since the Hearing, only the Creditor submitted a brief in support; and after considering the arguments raised therein, the Court finds that, under the factual circumstances as they exist in this matter, the Creditor's position is legally correct, and therefore its objection will be Sustained.

### FACTS

The factual basis giving rise to this controversy is not in dispute. On October 7, 2004, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. In his petition, the Debtor set forth his intention to redeem his motor vehicle.

On October 26, 2004, the Creditor, Lakewood Acceptance Corporation, as the holder of a secured interest in the Debtor's motor vehicle, filed a motion for relief from stay and abandonment; this motion was subsequently granted by the Court, and an appropriate order was entered. The Debtor, thereafter, sought to have this Order vacated, but this Court, after holding a hearing on the matter, denied the Debtor's supporting motion. The Debtor then filed a motion to redeem his motor vehicle pursuant to Bankruptcy Code § 722, with the Creditor objecting on the grounds that the Debtor no longer maintained a redeemable interest in the property. During the pendency of this matter, but before the Hearing, the Debtor's motor vehicle was sold by the Creditor in accordance with Ohio law regarding the disposition of collateral after default. O.R.C. § 1309.601, et seq.

## DISCUSSION

■ Matters concerning the redemption of property under 11 U.S.C. § 722 are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(K); *In re Neal,* 314 B.R. 198 (Bankr.N.D.Iowa 2004). Thus, this Court is conferred with the jurisdictional authority to enter a final order in this matter. 28 U.S.C. § 1334.

■ In a Chapter 7 bankruptcy, a debtor is afforded a right of redemption. 11 U.S.C. § 722. This right allows the debtor in bankruptcy to extinguish a lien on goods by paying the lien holder the value of the lien, up to but not exceeding the collateral's present value. This right is sometimes confused with and should be distinguished from a reaffirmation agreement as provided in §·524(c). Among other things, a reaffirmation agreement, although similar to redemption in that it allows a debtor to keep encumbered property, differs to the extent that it is not a right, requiring instead the creditor's consent; and a reaffirmation agreement may be paid over time, as opposed to a one lump-sum payment which is required when redeeming property. *Schmidt v. American Fletcher Nat'l Bank and Trust Co. (In re Schmidt),* 64 B.R. 226, 229 (Bankr. S.D.Ind.1986).

■ Like other rights afforded to a debtor, the right of redemption is subject to certain limitations, three of which are explicitly set forth in § 722:(1) the debtor must be an individual; (2) the goods to be redeemed must be tangible consumer goods securing a dischargeable consumer debt; and (3) the property must either be claimed as exempt or have been abandoned by the trustee. In this matter though, the primary focus of the Creditor's objection is not aimed to any lack of compliance with these three explicit conditions. Rather, the Creditor's objection is directed to the Debtor's failure to comply with what it considers to be an implicit requirement of § 722: That the time period for redeeming property expires once the automatic stay is terminated with respect to the collateral sought to be redeemed. Ergo, in this matter the Creditor argues that once it obtained relief from the automatic stay against its collateral, the Debtor's right to redeem the property under § 722 terminated.

Unlike its cousin reaffirmation, § 722 does not impose upon the debtor any affirmative deadline. The lack of any specified deadline, however, does not mean that one does not exist. The right to bring an action, regardless of its character, does not exist in perpetuity. To this end, any statutorily provided right will necessarily have, based upon its nature, purpose and position in a larger statutory scheme, an implicit time limitation beyond which any attempt by a party to bring an action thereunder will be deemed to have become stale.[1]

For example, in the bankruptcy context, it is generally recognized that, in the absence of any specified deadline, the administrative closing of a bankruptcy case will constitute the outside limit for commencing an action. 11 U.S.C. § 350(a).[2] This simply follows the principle that a primary

---

1. Doctrinal examples imposing a time limitation may include estoppel and laches.

2. While a case may be reopened in order to afford a debtor relief—a common occurrence being when a debtor seeks to avoid a judicial lien under § 522(f)—or for other cause, according such relief is purely discretionary, and not a matter of right. *McDonald v. Home State Bank & Trust Co. (In re McDonald),* 161 B.R. 697, 698 (D.Kan.1993). *See also In re Ford,* 188 B.R. 523, 525 (Bankr.E.D.Pa.1995) (efforts to invoke bankruptcy jurisdiction after a case is closed must be viewed, at some point, as improperly extending bankruptcy jurisdiction beyond its intended scope).

function of the Bankruptcy Code is to resolve, as expeditiously as possible, the competing interest of the debtor and his or her creditors. *Accord In re Best Products Co., Inc.,* 140 B.R. 353, 356 (Bankr. S.D.N.Y.1992) ("chief purpose of the bankruptcy laws is to secure a prompt and effectual administration and settlement of the debtor's estate within a limited period"). But is also follows that since § 722 contains no express time limitation, the imposition of any deadline for bringing such an action must appear to be innate to the statute.

■ In its simplest form, the right of redemption affords a debtor a right of first refusal. *In re Podnar,* 307 B.R. 667, 672 (Bankr.W.D.Mo.2003). That is, redemption allows the debtor to have the first opportunity to purchase its property from the creditor who has an interest in the same property. In the bankruptcy context, the purpose of affording a debtor the right of redemption is "to counteract creditor threats of repossession, which often allows the secured creditor to extract more from the debtor than if it had simply repossessed or foreclosed on the property. Thus, through redemption, Congress envisioned that the debtor would be able to retain his necessary property and avoid high replacement costs while still allowing the creditor its expectation value on default under the terms of the contract." *Id.*

■ However, this purpose is not appreciably furthered once the stay has been relieved; nor does it mesh with the statutory interplay between § 722 and the automatic stay of § 362(a). Consequently, as will be seen, a logical connection can be made that inherent in the nature of a § 722 redemption, is that a debtor's right thereunder runs concurrently with and does not extend beyond the duration of the automatic stay of § 362(a).

■ At its most basic level, the automatic stay stops all collection efforts, thereby allowing both the debtor and his or her creditors to take stock of their respective rights. *In re Perviz,* 302 B.R. 357, 365 (Bankr.N.D.Ohio 2003). Importantly, however, the automatic stay does not alter a creditor's interest in the debtor's property. Thus once the stay is relieved, a creditor, subject to any estate interest in the property, is free to fully pursue their nonbankruptcy law rights against the debtor's property. *Fidelity Nat'l Bank v. Winslow (In re Winslow),* 39 B.R. 869, 871 (Bankr.N.D.Ga.1984) (lifting the stay returns the parties to the legal relationships that existed before the stay became operative).

This ability, however, would be severely constrained if, at any time, a debtor could again, by asserting their desire to redeem the encumbered property, employ the bankruptcy process so as to stop the collection effort processing effect, giving the debtor a second bite at the apple. At the very least then, uncoupling the right of redemption from the running of the automatic stay is incongruous, but probably more befittingly incompatible with the above-stated purpose underlying redemption: to counteract those attendant threats associated with a creditor's right to repossess their collateral while simultaneously preserving the creditor's expectation interest in the collateral. The close interplay between § 362(a) and § 722 further supports this point.

As mentioned, a prime function of bankruptcy law is to equitably administer estate assets. And as would be expected then, the automatic stay of § 362(a) enjoins actions taken against property that is included within the debtor's bankruptcy estate. The automatic stay, however, also protects property in which the estate has no interest. To wit: paragraph (a)(5) of

§ 362 sets forth that the filing of a "petition ... operates as a stay [against] any act to create, perfect, or enforce *against property of the debtor* any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title[.]" (emphasis added). But with no fundamental bankruptcy purpose served thereby, sense can only be made of this protection if the right of redemption is considered.

One of the two alternative preconditions for the redemption of encumbered property under § 722 is that the property have been abandoned from the estate.[3] And the effect of abandonment is to revert back to those parties, namely the debtor, their interest in the property just as if no bankruptcy occurred. *In re McGowan*, 95 B.R. 104, 106 (Bankr.N.D.Iowa 1988). Put together then, abandoned property is transformed from that of "property of the estate" into that of "property of the debtor," thereby making the protections offered by § 362(a)(5) necessary to effectuate the debtor's right of redemption under § 722.[4]

For all practicable purposes this is the same conclusion reached by the Sixth Circuit Court of Appeals when it explained the purpose of the automatic stay as it relates to redemption:

> ... Section 362(a)(5) grants the debtor time to enforce rights in his property given him under Sections 722 and 524(c). The effect of Section 362(a)(5) is to provide the debtor with separate protection of his property. This enables him to exercise his right to redeem either by acquiring refinancing or by otherwise gathering the necessary funds, or to negotiate a reaffirmation. Unless earlier relief is requested by the creditor, the creditor may not repossess property, despite any abandonment by the trustee, until one of the three acts specified in Section 362(c)(2) occurs ... The application of Section 362 to exempt property and abandoned property is co-extensive with the redemption right given in Section 722, for this right extends to exempt property as well as to nonexempt property which may be abandoned by the trustee. Likewise, the stay will cover property which may be the subject of reaffirmation agreements.

*G.M.A.C. v. Bell (In re Bell)*, 700 F.2d 1053, 1057–58 (6th Cir.1983), *citing In re Cruseturner*, 8 B.R. 581, 592 (Bankr. D.Utah 1981). Thus, according to the Court: "a return of abandoned property to the party with the primary possessory interest (usually the debtor) merely provides that debtor with time to enforce his right to redeem the property under § 722 or to seek a reaffirmation of the agreement under § 524(c)."

■ And in now placing this holding placed on top of this Court's previous analysis, it becomes but a small step to surmise that once the protections of § 362(a)(5) are terminated, so too does the debtor's right of redemption under § 722(a). *See also Riggs Nat'l Bank of Washington, D.C. v. Perry (In re Perry)*, 729 F.2d 982, 986 (4th Cir.1984) (holding that the § 362(a) stay continues to run until the stay is no longer in effect, and that up until that time, the debtor has the option of exercising his right of redemption or reaffirmation). Consequently, in this case, with the automatic stay of § 362(a) having been previously terminated, the Debtor has no right to exercise his right of redemption under § 722. Finally,

3. The other being that the property be exempt.

4. In this context, abandonment will often occur as the result of a lack of equity in the property due to either a third-party encumbrance or the debtor's exemption, or both.

as for what appeared to be a related issue: whether the Debtor still has a right of redemption under state law?—that matter, with the property having been abandoned and with the stay no longer in effect, must be maintained in the appropriate state-court forum.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Debtor, Chad Buck, for Authority to Redeem Personal Property and Approval of Attorney Fees under § 722, be, and is hereby, DENIED.